1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CAMARAY CARTER,            ) NO. CV 12-05184 SS
                              )
          Petitioner,   )
                              )
          v.               ) **MEMORANDUM DECISION AND ORDER**
                              )
ELVIN VALENZUELA, Acting Warden, )
                              )
          Respondent.   )
_____)

**I.**

**INTRODUCTION**[1]

On June 14, 2012, Camaray Carter ("Petitioner"), a California State prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") pursuant to 28 U.S.C. § 2254.  The Court has conducted a preliminary review of the Petition, as required by Rule 4 of the Rules Governing Section 2254 Cases.  Pursuant to Rule 4, the Court must summarily dismiss the Petition because "it

---

[1] Elvin Valenzuela, Acting Warden of the California Men's Colony, where Petitioner is currently incarcerated, is substituted as the proper Respondent.  See Fed. R. Civ. P. 25(d).

1    plainly appears from the face of the petition and any exhibits annexed
2    to it that [Petitioner] is not entitled to relief." R. 4 of the Rules
3    Governing Section 2254 Cases; see also O'Bremski v. Maass, 915 F.2d 418,
4    420 (9th Cir. 1990) ("[R]ule 4 of the Rules Governing Section 2254 in
5    the United States District Courts explicitly allows a district court to
6    dismiss summarily the petition on the merits when no claim for relief
7    is stated." (internal quotation marks omitted)).

8

9        In the Petition, Petitioner challenges his 1999 conviction and
10   sentence. (Petition at 2). However, Petitioner previously filed a
11   federal habeas petition (Case No. CV 08-05973 PSG (SS)) (the "Prior
12   Petition"), which also challenged his 1999 conviction and sentence.[2]
13   On October 23, 2009, the District Judge denied the Prior Petition as
14   untimely and dismissed the action with prejudice. Petitioner appealed
15   the judgment and on July 18, 2011, the U.S. Court of appeals for the
16   Ninth Circuit denied Petitioner's request for a certificate of
17   appealability. On June 19, 2012, the Court issued an Order To Show
18   Cause Why This Action Should Not Be Dismissed As Successive (the "Order
19   to Show Cause"). Petitioner was required to file a response to the
20   Order to Show Cause by July 3, 2012 if he wished to contest the
21   dismissal of this action. As of today, however, Petitioner has failed
22   to file a response.

23

24

25        [2] The Court takes judicial notice of Petitioner's prior proceedings
26   before this Court. See, e.g., United States ex rel. Robinson Rancheria
27   Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992)
     ("[W]e may take notice of proceedings in other courts, both within and
28   without the federal judicial system, if those proceedings have a direct
     relation to matters at issue." (internal quotation marks omitted)).

1   Petitioner, who is the only party to this action, has consented to

2   the jurisdiction of the undersigned United States Magistrate Judge

3   pursuant to 28 U.S.C. § 636(c).[3]  (See Docket No. 3).  For the reasons

4   _____

5       [3]  "Upon the consent of the parties," a magistrate judge "may
conduct any or all proceedings in a jury or nonjury civil matter and
6   order the entry of judgment in the case."  28 U.S.C. § 636(c)(1).  Here,
Petitioner is the only "party" to the instant proceeding and has
7   consented to the jurisdiction of the undersigned United States
Magistrate Judge.  Respondent has not yet been served with the Petition
8   and therefore is not a party to this proceeding.  See, e.g., Travelers
Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009)
9   ("A federal court is without personal jurisdiction over a defendant
unless the defendant has been served in accordance with Fed. R. Civ. P.
10  4." (internal quotation marks omitted)).  Thus, all parties have
consented pursuant to 28 U.S.C. § 636(c)(1).  See, e.g, Wilhelm v.
11  Rotman, 680 F.3d 1113, 1119-21 (9th Cir. 2012) (holding that magistrate
judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C.
12  § 1983 where prisoner consented and was only party to the action);
United States v. Real Property, 135 F.3d 1312, 1317 (9th Cir. 1998)
13  (holding that magistrate judge had jurisdiction to enter default
judgment in an in rem forfeiture action even though property owner had
14  not consented to it because 28 U.S.C. § 636(c)(1) only requires the
consent of the "parties" and the property owner, having failed to comply
15  with the applicable filing requirements, was not a "party"); Neals v.
Norwood, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain
16  a consent from the defendants. However, because they had not been
served, they were not parties to this action at the time the magistrate
17  entered judgment. Therefore, lack of written consent from the defendants
did not deprive the magistrate judge of jurisdiction in this matter.");
18  see also Patrick Collins, Inc. v. Doe, 2011 U.S. Dist. LEXIS 125671, at
*4 n.1 (N.D. Cal. Oct. 31, 2011) ("Here, Plaintiff has consented to
19  magistrate jurisdiction and the Doe Defendants have not yet been served.
Therefore, the Court finds that it has jurisdiction under 28 U.S.C. §
20  636(c) to decide the issues raised in the instant motion(s)."); Third
World Media, LLC v. Doe, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15,
21  2011) ("The court does not require the consent of the defendants to
dismiss an action when the defendants have not been served and therefore
22  are not parties under 28 U.S.C. § 636(c)."); Kukiela v. LMA Prof'l
Recovery Group, 2011 U.S. Dist. LEXIS 85417, at *1 n.1 (D. Ariz. Aug. 1,
23  2011) ("Plaintiff consented to proceed before a United States Magistrate
Judge for all proceedings in this case, including entry of final
24  judgment, pursuant to 28 U.S.C. §636(c)(1). (Doc. 7.) Because Defendant
did not appear and establish its standing as a party in this action, the
25  Magistrate Judge has jurisdiction to enter the requested default
judgment."); Quigley v. Geithner, 2010 WL 3613901, at *1 (D. Idaho Sept.

3

1   discussed below, it is recommended that the Petition be DENIED as
2   successive and that this action be DISMISSED without prejudice.

3

4                                    II.

5                            PRIOR PROCEEDINGS

6

7        On July 28, 1999, a Los Angeles County Superior Court jury
8   convicted Petitioner of criminal conspiracy in violation of California
9   Penal Code ("Penal Code") section 182(a), attempted murder in violation
10  of Penal Code sections 664 and 187, and robbery in violation of Penal
11  Code section 211.  (Petition at 2).  On August 18, 1999, the trial court
12  imposed an indeterminate term of thirty-five years to life in state
13  prison.  (Carter v. Uribe, Case No. CV 08-05973 PSG (SS)), Report and
14  Recommendation ("R&R") at 2).

15

16       On September 28, 2000, the California Court of Appeal affirmed the
17  trial court's judgment.  (R&R at 2).  Petitioner subsequently filed a
18  petition for review in the California Supreme Court, which was denied
19  on January 10, 2001.  (Id.).  Several years later, Petitioner filed a
20  petition for writ of habeas corpus in the California Supreme Court,
21  which was denied on June 11, 2008.  (Id.).

22

23

24  _____

25  8, 2010) ("Plaintiff, the only party appearing in this case, has
26  consented to the jurisdiction of a United States Magistrate Judge to
    enter final orders in this case."); Ornelas v. De Frantz, 2000 WL
27  973684, at *2 n.2 (N.D. Cal. June 29, 2000) ("The court does not require
    the consent of defendants in order to dismiss this action because
28  defendants have not been served, and, as a result, are not parties under
    the meaning of 28 U.S.C. § 636(c).").

On September 12, 2008, Petitioner filed the Prior Petition before this Court.   In the Prior Petition, Petitioner raised three claims challenging his 1999 conviction and sentence.   On October 23, 2009, the District Judge denied the Prior Petition as untimely and dismissed the action with prejudice.   Petitioner appealed the judgment and on July 18, 2011, the U.S. Court of Appeals for the Ninth Circuit denied Petitioner's request for a certificate of appealability.   Petitioner filed the instant Petition on June 14, 2012.

**III.**

**PETITIONER'S CLAIM**

Petitioner's sole claim for federal habeas relief is that the California Supreme Court erroneously applied a procedural bar (untimeliness) to his state habeas petition.   (Petition at 5).

**IV.**

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which effected amendments to the federal habeas statutes, applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996.   <u>Lindh v. Murphy</u>, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).   Courts have recognized that the AEDPA generally prohibits successive petitions:

> AEDPA greatly restricts the power of federal courts to
> award relief to state prisoners who file second or successive

habeas corpus applications.  If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases.  And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions.  One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict.  The other is for certain claims relying on new rules of constitutional law.

Tyler v. Cain, 533 U.S. 656, 661, 121 S. Ct. 2478, 150 L. Ed. 2d 632 (2001) (citations omitted); see also Pizzuto v. Blades, 673 F.3d 1003, 1007 (9th Cir. 2012).

Here, the instant Petition is successive because it challenges the same 1999 conviction and sentence that Petitioner challenged in the Prior Petition.  See, e.g., Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (holding that a petition was successive because it challenged "the same custody imposed by the same judgment of a state court" as a prior petition).  Thus, Petitioner must obtain permission from the U.S. Court of Appeals for the Ninth Circuit before the instant Petition can proceed.  See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); see also Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008) ("Even if a petitioner can demonstrate that he

6

1  qualifies for one of these exceptions, he must seek authorization from

2  the court of appeals before filing his new petition with the district

3  court.").

4

5      The Court's review of the docket does not demonstrate that

6  Petitioner has either requested or received permission from the Ninth

7  Circuit to file a successive petition.   Accordingly, the instant

8  Petition must be dismissed without prejudice to refiling after

9  Petitioner obtains the necessary permission.[4]   See Burton, 549 U.S. at

10 153 ("In short, [the petitioner] twice brought claims contesting the

11 same custody imposed by the same judgment of a state court.   As a

12 result, under AEDPA, he was required to receive authorization from the

13 Court of Appeals before filing his second challenge.   Because he did not

14 do so, the District Court was without jurisdiction to entertain it.").

15 The Court expressly advised Petitioner that the Petition was successive

16 and provided him an opportunity to respond.   Petitioner was required to

17 file a response to the Order to Show Cause by July 3, 2012 if he wished

18 to contest the dismissal of this action.   As of today, however,

19 Petitioner has failed to file a response.[5]

20 \\

21

---

22     [4]  Even if the instant Petition were not successive, Petitioner's

23 sole claim for relief would fail because the Ninth Circuit has held that
   errors in the state habeas review process are not cognizable on federal

24 habeas review.   See Cooper v. Neven, 641 F.3d 322, 331-32 (9th Cir.
   2011) (citing Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989));

25 Franzen, 877 F.2d at 26 ("[A] petition alleging errors in the state

26 post-conviction   review process is not addressable through habeas corpus
   proceedings.").

27     [5]  Because Petitioner failed to file a response to the Order to Show

28 Cause, this action is also subject to dismissal for failure to prosecute
   and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).

7

**V.**

**CONCLUSION**

IT IS ORDERED that: (1) the Petition is DENIED as successive; and (2) Judgment shall be entered dismissing this action without prejudice.

DATED: July 9, 2012.                                    /S/
                                        _____
                                        SUZANNE H. SEGAL
                                        UNITED STATES MAGISTRATE JUDGE